IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

WILLIE WATLINGTON

Plaintiff,

v.

TIM BROWNE

Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff, Willie Watlington, by and through his attorney, Raymond K. Bryant of the Civil Rights Litigation Group, PLLC, hereby states and alleges as follows:

**INTRODUCTION**

1. This is a civil rights action seeking damages against a Colorado Springs Police K-9 Officer for dog bite injuries suffered when the officer unjustifiably ordered his police dog to viciously seize Plaintiff, without justification, as Plaintiff walked out of local tavern. The dog repeatedly chomped down on Plaintiff's leg for 5-10 seconds, and then clamped down and dragged him along the ground, during which time the officer failed to intervene to prevent or stop the animal from attacking the innocent man.

2. At the time of the seizure, the officer was looking for a different suspect, a middle-aged white man, who objectively looked nothing like Plaintiff. But upon seeing Plaintiff, a young black man, leave the bar, Defendant overzealously ordered the police dog to attack and seize Plaintiff, without cause.

1

3. Plaintiff seeks compensation for the physical, dignitary, emotional, and economic injuries that he suffered, including temporary and permanent injuries from the dog bite, scarring and deformation, emotional trauma, medical bills, and punitive sanctions to punish the officer for his flagrant disregard of Plaintiff's rights and safety.

## JURISDICTION AND VENUE

4. This action arises under the Constitution and laws of the United States, and 42 U.S.C. § 1983. Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

5. Venue is proper in the District of Colorado because the incidents and resulting injuries to the Plaintiff giving rise to this action occurred in Colorado Springs, Colorado.

## PARTIES

6. Plaintiff incorporates by reference, as though fully set forth herein, each and every allegation contained in the preceding paragraphs of this Complaint.

7. Plaintiff Willie Watlington was at all times relevant to the claims set forth herein a resident of the State of Colorado. At the time of the incident, Plaintiff Watlington was a young, 24-year-old black male.

8. Defendant Tim Browne was, at all times relevant to the subject matter of the claims in this action, employed as a K-9 Police Handler of a German Shephard named "Blitz" by Colorado Springs Police Department, and acted under color of state law at the time of the incident. He is identified in his individual capacity.

## FACTUAL BACKGROUND

9. Plaintiff incorporates by reference, as though fully set forth herein, each

and every allegation contained in the preceding paragraphs of this Complaint.

10. On December 11, 2015, Plaintiff was enjoying a night out at the Peak Tavern, located at 2001 Platte Ave., in Colorado Springs, Colorado.

11. The Defendant Officer arrived at the tavern, in full police uniform, with approximately four to five other officers - all looking for an older, white, male suspect in his 50s or 60s.

12. Four or five officers went into the tavern through the front door and the Defendant K-9 officer waited outside the back door.

13. Plaintiff finished his drink and exited the tavern through the back door, which led almost immediately to an adjacent apartment complex, where Plaintiff lived.

14. Upon exiting the tavern, Plaintiff immediately headed toward his apartment complex. In his peripheral vision, he saw a man or a vehicle about 40 yards away, but did not take any particular notice as he walked toward his home.

15. Plaintiff heard some muffled shouts, but no indication that the man was a police officer or that Plaintiff was being commanded.

16. Defendant Officer Browne saw Plaintiff leave the bar and yelled toward him. Upon seeing Plaintiff continue to walk away, Defendant Browne ordered his K-9 unit, "Blitz" to seize Plaintiff by biting him.

17. Plaintiff turned toward the source of the yelling in time to see the officer point toward him and the animal run in his direction. Plaintiff immediately dropped to the ground and curled up into a ball.

18. After about four to five seconds, the dog ran up to Plaintiff and chomped

down on Plaintiff's leg multiple times, for approximately 5-10 seconds, and then clamped down and held/dragged Plaintiff along the ground, during which time the officer did not attempt to command the animal to stop, physically intervene to prevent the dog from biting or dragging, or otherwise cease the attack.

19. Eventually, Defendant Officer Browne walked over and removed the dog from the hold the dog had on Plaintiff's leg.

20. With the K-9 at Defendant's side, Defendant Officer Browne, and other officers who joined him, began asking Plaintiff questions and demanded Plaintiff's driver's license. The officer ran Plaintiff's identification and Plaintiff heard the officers discuss that there were no warrants.

21. EMTs eventually arrived on scene and provided medical attention. They indicated that Plaintiff would need to be transported to the hospital and would need stitches to mend the gaping wounds.

22. At Penrose St. Francis Hospital, doctors sutured "several puncture wounds and one large gaping wound" made by the K-9, as well as abrasions on both of Plaintiff's palms caused by being dragged by the animal.

23. While being treated, Defendant Browne's K-9 Supervisor, Brian Cummings arrived and asked Plaintiff questions about the incident. He informed Plaintiff that the officers had been looking for a white male in his 50s or 60s, and that Plaintiff obviously did not fit the description. He acknowledged that the K-9 should not have been used to bite him and that Defendant Browne had violated CSPD protocol.

24. Defendant Cummings brought Defendant Browne into the room.

Defendant Cummings apologized for Defendant Browne's and the dog's actions. Defendant Brown did not apologize.

25. Plaintiff asked Defendant Browne for his first name, but Defendant Browne vaguely and deceptively avoided providing a real answer, telling him only "Officer."

26. Afterward, Plaintiff went back to see physicians on three more occasions for follow up treatment over the next two months and to get the stitches removed. Plaintiff suffered physical pain and suffering, he endured emotional trauma from the unexpected and violent attack, he was forced to walk on crutches for approximately six to eight weeks, and he continues to tolerate ugly scars from the dog attack that remain to this day.

**FIRST CLAIM FOR RELIEF**
*42 U.S.C. § 1983 Fourth Amendment Violations – Wrongful Stop/Detention*
**(Against Defendant Browne)**

27. Plaintiff hereby incorporate by reference, as though fully set forth herein, each and every allegation contained in the preceding Paragraphs of this Complaint.

28. Defendant Officer Browne wrongfully seized, detained, and confined Plaintiff Watlington by ordering his K-9 unit, "Blitz" to attack and hold Plaintiff, outside of the Peak Tavern, and then continued to detain, question, and hold Plaintiff against his will, after the K-9 released him and the dog stood menacingly beside the officer, while being compelled to answer questions - wounded and bleeding on the ground.

29. At the time Defendant seized, detained, and otherwise confined Plaintiff, he did not have reasonable suspicion or probable cause to believe Plaintiff had engaged

in any crime, had no basis to arrest him, and no justification to inflict injury. From his perspective, Plaintiff Watlington, had, at most, left the tavern, as any other patron might do, and attempted to walk home while the officer was waiting for a different person. Plaintiff Watlington obviously did not fit the description of the suspect the officer sought, as Plaintiff was a young, 24-year-old, black man, and the suspect the officers sought was a middle-aged white man. Thus, there was no legal basis to stop, detain, question, or harm him.

30. During the encounter, Plaintiff was confined by the Defendant within a limited space, and was not able to leave, enforced by violent acts and implicit threats, after being attacked.

31. The actions as described herein of Defendant officer, under color of state law, deprived Plaintiff of the rights, privileges, liberties, and immunities secured by the Constitution of the United States of America, including the right to freedom from unreasonable seizure as guaranteed by the Fourth Amendment to the Constitution of the United States of America, made actionable pursuant to 42 U.S.C. §1983, and were the proximate cause of Plaintiff's injuries, including loss of liberty, physical and emotional harm, economic costs, and dignitary injuries.

**SECOND CLAIM FOR RELIEF**
*42 U.S.C. § 1983 Fourth Amendment Violation – Excessive Force*
**(Against Defendant Browne)**

32. Plaintiff hereby incorporate by reference, as though fully set forth herein, each and every allegation contained in the preceding Paragraphs of this Complaint.

33. Defendant Officer Browne intentionally and knowingly, applied unnecessary, unreasonable, and excessive force to Plaintiff Watlington by ordering his K-9 Unit to attack and seize Plaintiff, and by failing to timely intervene to stop/prevent the dog from chomping multiple times, dragging Plaintiff along the ground, and biting Plaintiff's leg in a holding bite until the officer walked near. Defendant Browne did not identify himself as a police officer, or issue audible commands or warnings before resorting to force.

34. The actions detailed above were performed without legal justification or purpose; they were not necessary for any legally justifiable seizure. There was no legal basis for the officers to seize or injure Plaintiff.

35. Even if the conduct described above were used in conjunction with a legally cognizable stop or detention, the force used was wholly unnecessary and reached a quantum above and beyond that needed to effectuate any legally recognizable detention.

36. The actions as described herein of Defendant Browne, while acting under color of state law, deprived Plaintiff of the rights, privileges, liberties, and immunities secured by the Constitution of the United States of America, including the right to freedom from unreasonable seizure as guaranteed by the Fourth Amendment to the

Constitution of the United States of America, made actionable pursuant to 42 U.S.C 1983, and was the motivating and proximate cause of Plaintiff's injuries, including physical, emotional, economic, and dignitary harms.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment in his favor and against all Defendants for compensatory damages, as referenced above, for punitive damages, for interest as allowed by law, for costs, expert witness fees, and reasonable attorney fees as allowed by statute or as otherwise allowed by law, and for any other and further relief that this Court shall deem just and proper.

**PLAINTIFF DEMANDS TRIAL TO
A JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 11th day of December, 2017.

Civil Rights Litigation Group, PLLC

*s/  Raymond K. Bryant*
Raymond K. Bryant
1543 Champa St., Suite 400
Denver, CO 80202
P:  720-515-6165
F:  720-465-1975
Raymond@rightslitigation.com