IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02972-REB-KLM

WILLIE WATLINGTON,

    Plaintiff,

v.

TIM BROWNE,

    Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss** [#6][1] (the "Motion"). Plaintiff filed a Response [#11] in opposition to the Motion, and Defendant filed a Reply [#12]. The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons stated below, the Court respectfully **RECOMMENDS** that the Motion [#6] be **GRANTED**.

### I. Summary of the Case[2]

This is a civil rights action seeking damages against a Colorado Springs Police K-9

---

[1] "[#6]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] The well-pleaded allegations of the complaint are accepted as true for the purposes of a motion to dismiss, and reviewed in a light most favorable to the plaintiff. *Cannizzo v. Lab Corp. of Am.*, No. 07-cv-01214-WDM-KLM, 2007 WL 4617193, at *2 (D. Colo. Nov. 14, 2007) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Officer for dog bite injuries suffered by Plaintiff on December 11, 2015. *Compl.* [#1] ¶ 1. The incident occurred as Plaintiff enjoyed a night out and was leaving the Peak Tavern, located at 2001 Platte Avenue, in Colorado Springs, Colorado. *Id.* ¶ 10. Defendant arrived at the tavern, in full police uniform, with about four or five other officers. *Id.* ¶ 11. The officers went into the tavern through the front door while Defendant waited outside the back door. *Id.* ¶ 12. Plaintiff exited the tavern through the back door, which led almost immediately to an adjacent apartment complex where Plaintiff lived. *Id.* ¶ 13.

Upon exiting the tavern, Plaintiff heard some muffled shouts, but no indication that the man was a police officer or that Plaintiff was being commanded to do anything. *Id.* ¶ 15. Seeing Plaintiff walk away, Defendant ordered his K-9 unit "Blitz" to seize Plaintiff by biting him. *Id.* ¶ 16. Plaintiff turned toward the source of the yelling in time to see the officer point toward him and the animal run in his direction. *Id.* ¶ 17. The dog ran up to Plaintiff and bit Plaintiff's leg multiple times, for approximately 5-10 seconds, and then held Plaintiff down on the ground during which time Defendant did not attempt to intervene to prevent the dog from biting or otherwise cease the attack. *Id.* ¶ 18. Eventually Defendant removed the dog from the hold the dog had on Plaintiff's leg. *Id.* ¶ 19. Plaintiff was treated by EMTs and later at Penrose St. Francis Hospital where doctors sutured several puncture wounds and one large gaping wound made by the K-9, as well as abrasions on both of Plaintiff's palms. *Id.* ¶¶ 21, 22.

While being treated, Defendant's K-9 Supervisor, Brian Cummings, arrived and asked Plaintiff questions about the incident. *Id.* ¶ 23. He informed Plaintiff that the officers had been looking for a white male in his 50s or 60s, and that Plaintiff obviously did not fit the description. *Id.* He acknowledged that the K-9 should not have been used to bite him

and that Defendant had violated Colorado Springs Police Department ("CSPD") protocol. *Id.*

This is Plaintiff's second lawsuit seeking damages arising from the December 11, 2015 encounter with Defendant.[3] *See Motion* [#6] at 1. Plaintiff filed his first complaint in the District Court of El Paso County, Colorado (the "State Court Action") and alleged that he was injured when "[i]n December of 2015, Officer Browne of CSPD released his German Shephard on me when I had committed no crime." *Id.* The first complaint alleged a constitutional claim based on 42 U.S.C. § 1983 and sought damages for "hospital fees, loss of work, pain & suffering, and humiliation due to Defendant's misconduct." *Id.* at 2. Defendant and other defendants in the State Court Action (collectively, the "City Defendants") filed a motion to dismiss for failure to state a claim upon which relief could be granted. *Id.* The court granted the City Defendants' motion and noted that Plaintiff did not file an objection. *See Def.'s Ex. C* [#6-3] at 1. Plaintiff did not appeal the court's rulings. Rather, Plaintiff turned to this Court and filed a second complaint.

In the second complaint, Plaintiff again names Tim Browne as a defendant, seeking relief under 42 U.S.C. § 1983, and claims that he was injured by the K-9 unit. *Compl.* [#1] ¶ 1. In the present Motion [#6], Defendant seeks dismissal of this action pursuant to Fed. R. Civ. P. (12)(b)(6).

## II. Standard of Review

---

[3] The Court may consider documents and records in Plaintiff's Complaint, as well as take judicial notice of the pleadings and orders in a prior case involving the same parties. *See Merswin v. Williams Cos., Inc.*, 364 F. App'x 438, 441 (10th Cir. 2010).

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusion or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy*

*Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n] [ ] that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 556 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

### III. Analysis

Defendant argues that claim preclusion bars Plaintiff's claims because Plaintiff is seeking to relitigate issues that were or could have been brought in the State Court Action. *See Motion* [#6] at 4. "Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action." *Satsky v. Paramount Commc'ns, Inc.*, 7 F.3d 1464, 1467 (10th Cir. 1993) (citing *N. Nat. Gas v. Grounds*, 931 F.2d 678, 681 (10th Cir. 1991) (internal quotation marks omitted)). Claim preclusion requires that four elements be satisfied: (1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; (3) identity of the cause of action in both suits; and (4) a full and fair opportunity to litigate the claim in the prior suit. *Johnson v. Dep't of Veterans Affairs*, 611 F. App'x 496, 497 (10th Cir. 2015).

Plaintiff contends that his claims are not barred because he was not provided with a full and fair opportunity to adjudicate the claims made in his original pro se complaint. *See Response* [#11] at 9. Thus, Plaintiff contends that the dismissal was not a final order on the merits and therefore is not barred. *Id.* at 11.

**A.  Final Judgment on the Merits**

A motion filed under Federal Rule of Civil Procedure 12(b)(6) and a motion for failure to state a claim under Colorado Rule of Civil Procedure 12(b)(5) are similar because both types of motions "result in a determination on the merits at an early stage of plaintiff's case . . . ." *Tidwell ex rel. Tidwell v. City & Cty. of Denver*, 83 P.3d 75, 86 (Colo. 2003). In *Streu v. City of Colo. Springs ex rel. Colo. Springs Util.*, the Colorado Supreme Court addressed when a court renders a judgment "on the merits." 239 P.3d 1264, 1267 (Colo. 2010). The court specifically cited Colo. R. Civ. P. 41(b)(1) stating, "unless the court otherwise specifies, a dismissal under Rule 41(b) ordinarily operates as an adjudication on the merits." *Id.* Pursuant to Colo. R. Civ. P. 41(b):

> *[U]nless the court in its order for dismissal otherwise specifies*, a dismissal under this section (b) and *any dismissal not provided for in this Rule*, other than a dismissal for failure to prosecute, for lack of jurisdiction, failure to file a complaint under Rule 3, or for failure to join a party under Rule 19, *operates as an adjudication upon the merits*. Colo. R. Civ. P. 41(b).

(emphasis added). Thus, Rule 41 governs whether dismissals under Colo. R. Civ. P. 12(b)(5) are with or without prejudice. Therefore, dismissal under Rule 12(b)(5) is dismissal on the merits, and is tantamount to a final judgment on the merits. *Pohl v. US Bank*, No. 14-cv-02292-PAB-MJW, 2016 WL 1178278, at *6-7 (D. Colo. Mar. 28, 2016) (holding claim preclusion applied where a state court's prior dismissal for failure to state a claim under Colo. R. Civ. P. 12(b)(5) constituted a decision on the merits), *aff'd*, 859 F.3d 1226 (10th Cir. 2017).

Here, the state court's order contains no language indicating the action was not adjudicated on the merits. *See Def.'s Ex. C* [#6-3] at 1. There can be no doubt that the State Court Action is a final adjudication on the merits. *Argueta-Pereira v. Ochoa*, No. 11-CV-02720-REB-CBS, 2012 WL 2564813, at *2 (D. Colo. July 2, 2012) (holding claim

preclusion applied because state court order represents final judgment on the merits). On August 29, 2017, Plaintiff's first case in El Paso County was dismissed and the State Court noted that Plaintiff did not file an objection to Defendant's motion to dismiss. *Def.'s Ex. C* [#6-3] at 1. *Streu*, 239 P.3d at 1267.

Plaintiff's argument that the 2017 case was not adjudicated on the merits because the Court "did not denote a dismissal 'with prejudice'" lacks merit. *See Response* [#11] at 6. In support of his argument, Plaintiff contends that, "it may be reasonably inferred that the Court's order intentionally omitted 'with prejudice' language and was designed to be 'without prejudice.'" *Id.* However, this statement is inconsistent with Colorado law, which fails to support Plaintiff's prejudice argument. In fact, the Colorado Supreme Court has held the exact opposite of Plaintiff's argument, stating, "[w]hen the court fails to state expressly that a dismissal is without prejudice, it operates as a dismissal with prejudice and an adjudication upon the merits of the petition then before the court." *People v. D.A.K.*, 596 P.2d 747, 749 (Colo. 1979). The Colorado Supreme Court has more recently reiterated that "[u]nless the court otherwise specifies, a dismissal under Rule 41(b) ordinarily operates as an adjudication on the merits." *See Streu*, 239 P.3d at 1267.

The State Court granted Defendant's Colo. R. Civ. P. 12(b)(5) motion to dismiss Plaintiff's case. Because the State Court granted dismissal without an express statement of "without prejudice," Plaintiff's case was dismissed with prejudice and operated as a final judgment on the merits. Accordingly, the Court finds that the first element of claim preclusion is met.

**B.    Identity of Parties**

Claim preclusion "is applicable only to parties to the first suit or their privies." *Satasky*

*v. Paramount Commc'ns, Inc.*, 7 F.3d 1464, 1468 (10th Cir. 1993). Here, the identity of the parties, Officer Browne as a defendant, and Mr. Watlington as the plaintiff, are the same. Thus, the second element of claim preclusion is satisfied.

**C.     Identity of Cause of Action**

"The best and most accurate test as to whether a former judgment is a bar in subsequent proceedings . . . is whether the same evidence would sustain both, and if it would the two actions are the same . . . ." *Foster v. Plock*, 394 P.3d 1119,1127 (Colo. 2017) (quoting *Farmers High Line Canal & Reservoir Co. v. City of Golden*, 975 P.2d 189, 203 (Colo. 1999)).

The Tenth Circuit has adopted a transactional test to determine whether the identity of the cause of action is the same in both suits. *Hatch v. Boulder Town Council*, 471 F. 3d 1142, 1149 (10th Cir. 2006) (citing *Yapp v. Excel Corp.*, 186 F.3d 1222, 1227 (10th Cir. 1999)). "The transactional approach provides that a claim arising out of the same 'transaction, or series of connected transactions' as a previous suit, which concluded in a valid and final judgment, is precluded." *Id.*

To determine "what constitutes the same transaction or series of transactions," the Court "giv[es] weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.*

Here, Plaintiff's claim arises out of the same series of transactions as his previous case. Both complaints allege that Plaintiff was injured when he was seized by the police dog. *See Compl.* [#1] ¶ 1; *see also Def.'s Ex. A* [#6-1] at 4. Therefore, to prove the allegations Plaintiff must rely on the same evidence that would have been presented in the

State Court Action, thus establishing a transactional nexus between the claims from each case. Accordingly, the Court finds that the subject matter in both complaints is the same, and therefore the third element of claim preclusion is met.

**D.     Full and Fair Opportunity to Litigate**

The fourth and final element of claim preclusion is whether "the party had a full and fair opportunity to litigate the claim[s] in the prior suit." *Nwosun v. Gen. Mills Rest., Inc.*,124 F.3d 1255, 1257 (10th Cir. 1997). The inquiry into whether a party had a full and fair opportunity to litigate focuses on "whether there were significant procedural limitations in the prior proceedings, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." *Salguero v. City of Clovis*, 366 F.3d 1168, 1174 (10th Cir. 2004). "State proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law." *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 481 (1982).

Plaintiff argues that he did not get a full and fair opportunity to litigate his claim in the State Court Action despite doing his best to assert his claims as a pro se litigant, and the State Court failed to permit Plaintiff the opportunity to cure any complaint deficiencies with an amendment. *See Response* [#11] at 10. Plaintiff asserts that a pro se pleading should be afforded lenient and liberal review. *Id.*

Plaintiff is correct that the Court must "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Bohart v. CBRE, Inc.*, No. 17-CV-00355-RM-KMT, 2018 WL 1135535, at *1 (D. Colo. Feb. 28, 2018) (citing *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007)). However, a pro

se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). The plaintiff's pro se status does not entitle him to application of different rules. *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

An examination of the record demonstrates that Plaintiff did receive a full and fair opportunity to litigate his claims. In the first case, the City Defendants filed their Motion to Dismiss on July 20, 2017. *See Def.'s Ex. B*, [#6-2] at 1. Plaintiff had 21 days, or until August 10, 2017, to file a response. *Def.'s Ex. C*, [#6-3] at 1. However, Plaintiff did not file a response or attempt to amend his first complaint. *Id.* On August 29, 2017, after waiting 40 days, the State Court granted the City Defendant's Motion to Dismiss. *Id.* On or about September 11, 2017, Plaintiff filed a Motion To Set Aside Default Judgment. (*citing Motion to Set Aside Default Judgment,* [#11-1]). The City Defendants responded on October 2, 2017. *See Def.'s Ex. E*, [#12-1] at 5. Although Plaintiff's reply was due on October 9, 2017, Plaintiff again did not reply. *Def.'s Ex. D*, [#6-4] at 1. The State Court waited until October 15, 2017, before issuing its order denying Plaintiff's motion. *Id.* Plaintiff did not attempt to appeal the State Court's decision.

In *Jones v. U.S. Dept. of Justice*, the Tenth Circuit held that because a pro se plaintiff received a full and fair opportunity to litigate his case, his claim was barred under claim preclusion. The court addressed satisfaction of the fourth element of the claim preclusion test as follows: "To have claim-preclusive effect, [the fourth prong of] *Nwosun*

requires only that litigants have a 'full and fair *opportunity'* to pursue their cases, not that the cases by fully litigated." 137 F. App'x 165, 168 (10th Cir. 2005). In *Bohart v. CBRE, Inc.*, the court found that the pro se plaintiff had a full and fair opportunity to contest the defendant's motion to dismiss in the state court action but, "he chose not to file a brief in opposition, and his claims were dismissed on the merits." No. 17-CV-00355-RM-KMT, 2018 WL 1135535, at *6 (D. Colo. Feb. 28, 2018). The plaintiffs in *Jones* and *Bohart* are similar to the Plaintiff in the present case. The State Court did give Plaintiff the opportunity to address any deficiencies by allowing him forty days to file a response to the City Defendant's Motion to Dismiss, or to make any other requests to address deficiencies brought to his attention by that Motion. Plaintiff failed to respond or amend his complaint. Nothing here suggests that Plaintiff faced significant procedural limitations in the prior proceedings. The record clearly demonstrates that Plaintiff had the opportunity to fully and fairly litigate his claim. Accordingly, the Court finds that the fourth element of claim preclusion is satisfied.

Defendant has demonstrated that Plaintiff's previous case (1) was a final judgment on the merits; (2) the identity of the parties are the same; (3) the identity of the cause of action is the same; and (4) Plaintiff was given a full and fair opportunity to litigate his claim in the State Court Action. The Court finds that all four elements of claim preclusion have been satisfied and that Plaintiff's claims are barred. As a result, the Court recommends that Plaintiff's claims against Defendant be dismissed with prejudice. *See Xiangyuan Zhu v. St. Francis Health Ctr.*, 215 F. App'x 717, 720 (10th Cir. 2007) (holding plaintiff's RICO claim was barred on the basis of claim preclusion).

## IV. Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that the Motion [#6] be **GRANTED** and that all claims be **DISMISSED with prejudice** pursuant to the doctrine of claim preclusion.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 ( 10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: October 1, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge